### NISHIMURA v. MANSFIELD, Immigration Inspector.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1921.)

No. 5637.

**Aliens ⬅⬤➡54—Order of deportation held sustained by evidence.**

Evidence *held* to sustain an order for deportation of an alien under Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), on the ground that he returned to and entered the United States after he had been deported as having been connected with the business of prostitution.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Habeas Corpus by Eyitaro Nishimura against William R. Mansfield, Inspector in Charge of the Immigration Bureau at Denver, Colo. From an order denying the writ, petitioner appeals. Affirmed.

⬅⬤➡For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Charles A. Irwin and Charles E. Friend, both of Denver, Colo., for appellant.

J. Foster Symes, U. S. Atty., and Otto Bock, Asst. U. S. Atty., both of Denver, Colo., for appellee.

Before CARLAND, Circuit Judge, and YOUMANS and JOHNSON, District Judges.

YOUMANS, District Judge. This is an appeal from an order of Judge Lewis of the District Court of Colorado denying the petition of the appellant for a writ of habeas corpus. The order appealed from reads as follows:

"On presentation of the petition for the writ Charles E. Friend, Esq., appeared as counsel for petitioner and Otto Bock, Esq., Assistant United States District Attorney, appeared for the respondent. And thereupon the petition and exhibits thereto attached were read and considered, and therefrom I reach the conclusion that the petitioner is not entitled to the writ, and order that it do not issue."

There was no testimony taken before the District Judge. The order was made upon the petition and exhibits thereto attached. There are three exhibits referred to in the petition and made a part of it. Exhibit A is the warrant of John W. Abercombie, acting Secretary of Labor, dated February 11, 1920, commanding appellee W. R. Mansfield, Inspector in Charge, to take appellant into custody, upon the following charge:

"That he returned to and entered the United States after having been arrested and deported as a person having been connected with the business of prostitution, and that he entered without inspection by means of false and misleading statements," in violation of the Immigration Act of February 5, 1917.

The warrant further commanded the appellee to grant to petitioner a hearing to enable him to show cause why he should not be deported in conformity with the law. Exhibit B is stated in the petition to contain all of the evidence at the hearing had in conformity with the direction contained in the warrant. Exhibit C is stated in the petition to be a warrant of deportation under which appellant was taken into custody on the 25th day of June, 1920.

One of the grounds set up by appellant in his petition was a plea of res adjudicata to the effect that he had on December 24, 1919, been discharged on habeas corpus by Judge Riner after an arrest on a warrant containing the same charge as set out in Exhibit A. That warrant does not appear in the record. The necessary inquiry upon that plea was whether the facts on which the charge in Exhibit A was based were the same as the facts on which the warrant was based in the habeas corpus proceeding before Judge Riner. In Exhibit B, which purports to be the record of the hearing upon the warrant, Exhibit A, there appears the following statement by the attorney for appellant:

"A copy of the testimony adduced at the last hearing, this copy having been made from the copy furnished us by the inspector in charge, is hereby introduced, and marked Defendant's Exhibit C by the inspector."

This Exhibit C does not appear in the record. It is not the same as Exhibit C referred to in the petition. It is therefore impossible for us to determine whether the facts brought out in the first hearing are the same as those set out in Exhibit B which purports to state the testimony taken at the second hearing. The record does not, therefore, sustain the plea of res adjudicata.

Exhibit B shows: (1) That under the warrant of deportation dated January 11, 1915, Shigetake Asakura, an alien, was deported as having been connected with the business of prostitution. (2) That in execution of that warrant he was placed on a steamer at San Francisco and that he sailed away on that steamer. (3) That the petitioner, Eyitaro Nishimura, was shown to be the same person as Shigetake Asakura.

The warrant contained two charges. The first charge was clearly sustained by the testimony. The facts proven made applicable that clause of section 19 of the Act of Congress approved February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), which reads as follows:

"Any alien who, after being excluded and deported or arrested and deported as a prostitute, or as a procurer, or as having been connected with the business of prostitution or importation for prostitution or other immoral purposes in any of the ways hereinbefore specified, shall return to and enter the United States, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

The second charge in the warrant to the effect that petitioner had entered the United States without inspection by means of false and misleading statements, was not proven. Upon the first charge, however, the proof was ample.

Upon the record as presented here, the order of the District Court must be affirmed. It is so ordered.